**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JAMES ESPARZA, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) No. 1:11-cv-522-TWP-DML |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

**I. Habeas Petition**

This cause is before the court on the petition for a writ of habeas corpus of James Esparza. Through this petition Esparza seeks modification of his sentence imposed in No. IP03-CR-142-01-M/F. The petitioner's custodian, named in his official capacity only, is substituted as the sole respondent in this action.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Title 18 U.S.C. § 3582(c)(2) allows a district court to modify a sentence of imprisonment when a defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2).

Esparza has attempted to meld the sentence modification authority of § 3582 with the habeas corpus statute. The effort is misplaced, however, because a habeas action cannot be used as the means by which to secure or even to seek modification of a sentence pursuant to 18 U.S.C. § 3582(c). Courts have concluded that a § 3582(c)(2) proceeding is not civil in nature. *United States v. Webb,* 565 F.3d 789, 794 (11th Cir. 2009) (indicating § 3582(c)(2) motions are "a continuation of a criminal case" rather than a "civil post-conviction action like a habeas petition" (quotation marks omitted)).

Because Esparza's habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed**. His motion for appointment of counsel, which is part of the habeas petition, is also **denied.** Judgment consistent with this Entry shall now issue.

## II. Treatment of Motion

The clerk shall **re-docket** the motion for reduction of sentence **in No. IP03-CR-142-01-M/F.** Any further proceedings based on such re-docketing shall be as directed by Judge McKinney.

**IT IS SO ORDERED.**

Date: 05/23/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

James Esparza
No. 07296-028
USP Victorville
P.O. Box 5300
Adelanto, CA 92301

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.**